UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHURCHILL DOWNS INCORPORATED, *et al.*, | Case No. 3:12-cv-045 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| EMILY DAWSON, *et al.*, | |
| Defendants. | |

## ORDER VACATING ORDER TO SHOW CAUSE AND REQUIRING PLAINTIFFS TO COMPLY WITH LOCAL RULE 4.2(c)

On June 12, 2012, this Court issued an Order to Show Cause because more than 120 days had passed and the record contained no indication that Meredith Grosvenor waived service of process or that Plaintiffs properly served her with a copy of the complaint. (*See* Doc. 37).

In response to the Order to Show Cause, Plaintiffs maintain that they have been engaged in diligent efforts to serve Meredith Grosvenor. (Doc. 38 at 1). These efforts have included attempts at certified mail service, regular mail service, and personal service, including the hiring of a local private investigative firm to locate Ms. Grosvenor and complete service, as well as discussion with the Miami County Prosecuting Attorney's Office in furtherance of these efforts. (*Id.* at 2). Ms. Grosvenor is believed to be the ringleader of the fraudulent and other unlawful conduct alleged in the complaint

and Plaintiffs allege that she is evading service. (*Id.*)[1]

Relief from dismissal may be justified if the defendant is evading service. Fed. R. Civ. P. 4, Advisory Committee Notes (1993 Amendments). However, despite Plaintiffs' good faith efforts, it appears that they have failed to comply with local service rules.[2] Specifically, Plaintiffs requested that the clerk serve Meredith Grosvenor via ordinary mail on April 18, 2012. (*See* Doc. 33). Ms. Grosvenor was in fact served via ordinary mail service, accompanied by the summons and complaint. (*Id.*) There is no indication that this service was not effective. However, "the attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail." (*See* S.D. Ohio Civ. R. 4.2 (c)). There is no evidence in the record that Plaintiffs fulfilled this requirement.

Nonetheless, granting Plaintiffs an extension to time to re-serve the summons and complaint in this particular circumstance would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on

---

[1] Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).

[2] If Plaintiffs had in fact complied with S.D. Ohio Civ. R. 4.2(c), Ms. Grosvenor would have been deemed properly served.

procedural or technical grounds.

Accordingly, Plaintiffs shall:

(1) comply with S.D. Ohio Civ. R. 4.2(c) forthwith; and

(2) upon compliance, and if Meredith Grosvenor fails to answer within 21 days, file a motion for default judgment.

**IT IS SO ORDERED**.

Date: 6/25/12

Timothy S. Black
United States District Judge

3